# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFILED DIVISION

| | |
|---|---|
| SALEEM EL-AMIN, | ) |
| | ) |
| Petitioner, | ) |
| v. | )   Civil Action No. 1:17-04480 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 2); (2) Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1); and (3) Petitioner's Emergency Motion for Release (Document No. 12).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.)

## FACT AND PROCEDURE

**A.   Underlying Criminal Conviction:**

On May 7, 2014, Petitioner was charged in the Superior Court of the District of Columbia with one count of armed robbery in violation of D.C. Code §§ 22-4502 and 22-2801. El-Amin v. Downs, 272 F.Supp.3d 147 (D.D.C. Aug. 9, 2017); El-Admin v. Virgilio, 251 F.Supp.3d 208 (D.D.C. May 5, 2017); El-Amin v. United States, 2016 WL 2866862 (May 11, 2016). On July 8,

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2014, the grand jury returned a superseding indictment adding one count of assault with a dangerous weapon ("ADW") in violation of D.C. Code § 22-402. Id. During the jury trial, the trial judge dismissed the separate ADW charge after determining that ADW was simply a lesser included offense of armed robbery. Id. The trial judge further declined defense counsel's request to instruct the jury on the ADW charge. Id. On September 16, 2014, the jury convicted Petitioner of armed robbery. Id. On November 14, 2014, Petitioner was sentenced to ten years imprisonment. Id.

Petitioner appealed his conviction to the District of Columbia Court of Appeals. In his brief filed by Joseph Virgilio, Petitioner argued as follows: (1) Petitioner's "Fifth Amendment right to due process was violated when the trial court relied upon unreliable information as to [Petitioner's] criminal history;" (2) "The trial court erred when it (i) failed to conduct a presentence inquiry into [Petitioner's] claims of ineffective assistance of trial counsel and (ii) when it failed to appoint new counsel to represent [Petitioner] after a conflict of interest became apparent;" and (3) "The trial court abused its discretion in summary denying [Petitioner's] pro se motions for new trial without reading the motions or conducting a hearing." (Document No. 8, pp. 8 – 9.) In his supplemental brief filed by April Fearnley, Petitioner argued as follows: (1) "The court erred in striking the ADW from the charged indicted offenses for jury consideration;" (2) "The court erred in removing ADW from trial as a lesser included offense instruction when requested by the defense;" (3) "Additional facts and arguments that criminal history was not sufficiently reliable for the court to rely upon in sentencing;" and (4) "The court erred in upwardly departing from the sentencing guidelines based upon gratuitous violence as the sentence is grossly disproportionate to the crime and contravenes the cruel and unusual punishment clause of the Eighth Amendment." (Document

No. 1., p. 21.) The District of Columbia Court of Appeals affirmed Petitioner's conviction on May 11, 2017. <u>Elamin v. United States</u>, 164 A.3d 118 (D.C. Ct. App. May 11, 2017).

**B.     Instant Section 2241 Petition:**

On September 11, 2017, Petitioner filed in the United States District Court for the District of Columbia his instant Section 2241 Petition. (Document No. 1.) In his Petition, Petitioner challenges the validity of his conviction in the Superior Court of the District of Columbia. (<u>Id.</u>) Petitioner argues that Section 23-110 is ineffective to challenge his conviction based upon the following: (1) A federal court's jurisdiction is not defeated by any State proceedings;" (2) The District of Columbia Court of Appeals "lacked jurisdiction absent jurisdiction statement in appellant brief;" and (3) Petitioner wishes to asserts a claim of ineffective assistance of appellate counsel. (<u>Id.</u>, pp. 11 – 12.) As grounds for *habeas* relief, Petitioner asserts as follows: (1) "The District of Columbia Court of Appeals was without jurisdiction to hear my appeal absent jurisdiction statement in appellant brief;" (2) "Conspiracy to deprive [Petitioner] of due process of the Sixth Amendment right to a jury trial in violation of 18 U.S.C. 241;" (3) "Failure to prove beyond reasonable doubt the ADW element of armed robbery;" (4) "Violation of due process in violation of 18 U.S.C. 242;" (5) "Ineffective assistance;" and (6) "Jurisdiction." (<u>Id.</u>, p. 1.) In support, Petitioner first argues that "[o]n 9/15/2014 the District of Columbia Judge for the Superior Court removed the ADW from jury fact-finding duty in violation of [his] Sixth Amendment right to a jury trial which is prohibited by 18 U.S.C. 242." (<u>Id.</u>, p. 2.) Second, Petitioner states that his appellate counsel "failed to utilize a jurisdiction statement in the appellant brief filed on June 17, 2016." (<u>Id.</u>, pp. 2, 8 – 9, 11.) Petitioner, therefore, concludes that the District of Columbia Court of Appeal was without jurisdiction to hear Petitioner's appeal due to the lack of a "jurisdiction

3

statement utilizing D.C. Code 11-721 mandated by D.C. App. R. 28." (Id.) Third, Petitioner appears to argue that the AUSA conspired to violate Petitioner's due process rights in violation of 18 U.S.C. 241. (Id., pp. 5 – 6.) Petitioner explains the AUSA conspired to violate his due process rights when the AUSA agreed with the "Superior Court Judge to remove ADW from jury consideration." (Id., p. 6.) Fourth, Petitioner argues that the Superior Court Judge violated his constitutional rights because "there is no such rule allowing the Superior Court Judge William Jackson to apply the law to those facts and render the ultimate verdict of guilty or not guilty on the assault with a dangerous weapon offense." (Id., p. 7.) Fifth, Petitioner argues that "ADW is an element of armed robbery" and "the government failed to meet its burden of proof because Judge William Jackson dismissed the ADW count necessary to prove armed robbery." (Id., p. 8.) Sixth, Petitioner argues that appellate counsel was ineffective when she "omitted that it was plain error under Rule 52(b) for the Superior Court Judge to violate [his] due process rights when he removed the ADW from the jury's constitutional role of deciding innocence or guilt." (Id., p. 10.) Petitioner, therefore, concludes he is entitled to *habeas* relief. (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of pertinent pages from Petitioner's trial transcripts (Id., pp. 14 - 17.); and (2) A copy of pertinent pages from the "Supplemental Brief for Appellant" (Id., pp. 19 – 22.).

By Order entered on October 19, 2017, the United States District Court for the District of Columbia note that Petitioner was incarcerated within the Southern District of West Virginia and transferred the matter to this Court. (Document Nos. 4 and 5.)

On February 1, 2018, Petitioner filed a Supplement to this Section 2241 Petition. (Document No. 8.) Specifically, Petitioner first argues that "the District of Columbia Court of

4

Appeals abused it's discretion when it denied the appellant's recall of mandate" on January 17, 2018. (Id., pp. 1 and 3.) Next, Petitioner continues to assert the same arguments as asserted in his original Section 2241 Petition. (Id., pp. 2 – 3.) As Exhibits, Petitioner attaches the following: (1) A copy of an Order from the District of Columbia Court of Appeal filed January 17, 2018 denying Petitioner's motion to recall mandate[2] (Id., p. 6.); (2) A copy of pertinent pages from Petitioner's "Brief and Appendix for Appellant" as filed in the District of Columbia Court of Appeals on November 23, 2015 (Id., pp. 8 – 9.)

On February 6, 2018, Petitioner filed his "Brief for Petitioner." (Document No. 9.) In addition to the same arguments set forth in his original Petition, Petitioner challenges the validity of his conviction arguing "duplicitous indictment and improper venue." (Id., pp. 1 – 12.) As Exhibits, Petitioner attaches the following: (1) A copy of pertinent pages from Petitioner's "Brief and Appendix for Appellant" as filed in the District of Columbia Court of Appeals on November 23, 2015 (Id., pp. 13 – 14.); and (2) A copy of Petitioner's "Prior Criminal Record" (Id., p. 17.).

On February 12, 2018, Petitioner filed his "Memorandum in Aid of Section 2241." (Document No. 10.) Specifically, Petitioner argues that appellate counsel was ineffective based upon the following: (1) Counsel's failure "to argue meritorious claims involving constitutional error not allowing the jury to deliberate on ADW when giving only the armed robbery instruction;"

---

[2] In denying Petitioner's Motion, the District of Columbia Court of Appeals stated, in pertinent part, as follows:
> Appellant's claim regarding ineffective assistance of appellate counsel for failing to raise a claim under *Miranda v. Arizona*, 2384 U.S. 436 (1996), is misplaced because the government did not introduce appellant's videotaped statement into evidence. Thus, no prejudicial violation occurred. To the extent appellant raises a claim regarding removal of a charge from consideration of the jury, appellant raised the same or similar claim in his petition for rehearing which was considered and rejected by the en banc court.

(Document No. 8, p. 6.)

5

and (2) Counsel's failure "to argue improper indictment on duplicitous count 2 and improper venue on both counts." (Id.)

On February 26, 2018, Petitioner filed his "Emergency Motion" requesting that the Court order Petitioner's release from custody." (Document No. 12.) In support, Petitioner argues that there was an "absence of a jurisdiction statement mandated by D.C. App. R. 28(a)(5)" in his appellant brief and the District of Columbia Court of Appeals violated his due process right by adjudicating Petitioner's appeal without power. (Id.)

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2254 was specifically created by Congress "as the method for state prisoners to overturn or attack their state court convictions." See Sabb v. South Carolina, 2008 WL 701387 (D.S.C. March 13, 2008)(citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). For convictions obtained in the Superior Court of the District of Columbia, the District of Columbia Court Reform and Criminal Procedure Act of 1970 provides unique procedures for collateral review. See Swain

v. Pressley, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977)(confirming the validity of Section 23-110). Specifically, persons wishing to challenge their conviction or sentence obtained in the Superior Court of the District of Columbia should filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to D.C. Code § 23-110. The post-conviction procedures set forth in D.C. Code § 23-110 is directly analogous to Section 2255 for federal prisoners and Section 2254 for state prisoners.[3] Nearly identical to Section 2255(e), Section 23-110(g) sets forth a "saving clause" stating as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entered by the Superior Court or by any Federal or State court if it appears that the application has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g); also see 28 U.S.C. § 2255(e). Thus, a court may not entertain a Section 2241 petition attempting to invalidate a sentence or conviction imposed under the laws of the District of Columbia unless a motion pursuant to D.C. Code § 23-110 is "inadequate or ineffective to test the legality of detention." See Whitlow v. Tripp, 587 Fed.Appx. 74 (4th Cir. 2011)("Because [petitioner] is in custody pursuant to a sentence imposed by the Superior Court of the District of Columbia, the district court may not entertain [petitioner's] § 2241 petition if he has failed to exhaust the remedy provided by D.C. Code § 23-110 or has been denied § 23-110 relief by the Superior Court, unless it appears that a § 23-110 motion would be inadequate or ineffective to test the legality of his detention.") The District of Columbia Court of Appeals has recognized that Section 23-110 "is nearly identical and functionally equivalent to [28 U.S.C.] § 2255," and courts

---

[3] Similar to Sections 2254 and 2255, Section 23-110(e) provides that the "court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoners."

7

may properly "rely on cases construing the federal rule" when applying and interpreting Section 23-110. Butler v. United States, 388 A.2d 883, 886 n. 5 (D.C. Cir. 1978).

The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). Furthermore, the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d at 333 - 34(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added)."); Boynes v. Berkebile, 2012 WL 1569563, *6 (S.D.W.Va. May 1, 2012)(J. Berger)( "The remedy provided under Section 2255(e)

opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241."). Accordingly, the Court finds it appropriate to apply the foregoing law in determining whether Section 23-110 is inadequate or ineffective as to allow this Court to entertain Petitioner's instant claim under Section 2241. See Washington v. O'Brien, 2009 WL 1298348, * 1 (W.D.Va. May 7, 2009)(finding it appropriate to apply the standard for determining Section 2255 to be inadequate or ineffective when determining whether Section 23-110 is inadequate and ineffective as to allowed the court to entertain a Section 2241 Petition).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 23-110 is inadequate or ineffective such that he can resort to Section 2241. Petitioner argues that Section 23-110 is ineffective based upon the following: (1) A "federal court's jurisdiction is not defeated by any State proceeding;" (2) The District of Columbia Court of Appeals "lacked jurisdiction absent jurisdiction statement in his appellant brief;"[4] and (3) Petitioner wishes to asserts a claim of ineffective assistance of appellate counsel.[5] (Document No

---

[4] Petitioner is incorrect in his assertion that the District of Columbia Court of Appeals lacked jurisdiction to consider his appeal due to counsel's alleged failure to comply with the Rule 28 of the Rules of Appellate Procedure. Rule 28(a)(5) provides that the appellant's brief must contain "an assertion that the appeal is from a final order *or* judgment that disposes of all parties' claims, or information establishing this court's jurisdiction on some other basis." D.C. App. P. Rule 28(a)(5)(emphasis added). D.C. Code § 11-721 clearly provides that "[t]he District of Columbia Court of Appeals has jurisdiction of appeals from . . . all final orders and judgments of the Superior Court of the District of Columbia." D.C. Code § 11-721(a)(1). Petitioner does not dispute that his appeal was from a final order or judgment from the Superior Court of the District of Columbia.

[5] To the extent Petitioner may be alleging ineffective assistance of appellate counsel, the undersigned will briefly address his claim. Although claims of ineffective assistance of appellate counsel cannot be heard pursuant to D.C. Code § 23-110, an inmate may raise such a claim in a motion to recall the mandate in the District of Columbia Court of Appeals. *See Streater v. United States*, 429 A.2d 173 (D.C. Cir. 1980); *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. Cir. 1987). It is well recognized that the availability of a motion to recall the mandate is itself sufficient to make the local remedy adequate and effective. *Reyes v. Rios*, 432 F.Supp.2d 1, 3 – 4 (D.C. Cir. 2006). The mere fact that the Court of Appeals denies such a motion to recall the mandate does

9

1., pp. 11 – 12.) Petitioner's above claims do not meet the requirements of the saving clause. Specifically, Petitioner does not allege an intervening change in law that establishes his actual innocence. Section 23-110 is not inadequate or ineffective merely because the requested relief has been denied. Wilson v. Office of the Chairperson, 892 F.Supp. 277, 280 (D.C. Cir. 1995)(citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986). Additionally, Section 23-110 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 23-110. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 23-110 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 2), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1), **DENY** Petitioner's Emergency Motion for Release (Document No. 12) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed

---

not render the local remedy ineffective. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).

Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: March 2, 2018.

Omar J. Aboulhosn
United States Magistrate Judge