# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**SALEEM EL-AMIN,**

    **Petitioner,**

v.                           **CIVIL ACTION NO. 1:17-04480**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner's (1) petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1); (2) application to proceed in forma pauperis, (ECF No. 2); and (3) emergency motion for release, (ECF No. 12). By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. 636(b)(1)(b). ECF No. 6. The magistrate judge submitted his proposed findings and recommendation ("PF&R") on March 2, 2018. ECF No. 16. In the PF&R, Judge Aboulhosn recommended that the court dismiss petitioner's petition for a writ of habeas corpus; deny petitioner's application to proceed in forma pauperis; and deny petitioner's emergency motion for release.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R.  Petitioner timely filed objections to the PF&R on March 9, 2018.  ECF No. 19. Because petitioner's objections are without merit, the court dismisses his petition.

## I. BACKGROUND

In May 2014, Saleem El-Amin was indicted on charges of armed robbery in the Superior Court of the District of Columbia. In July, the grand jury returned a superseding indictment, charging him with a second count of assault with a deadly weapon ("ADW").  In September, a jury trial was held before Judge William M. Jackson in the Superior Court of the District of Columbia.  After the trial, Judge Jackson dismissed the ADW charge, determining that this offense was encapsulated within the offense of armed robbery.  Additionally, Judge Jackson declined defense counsel's request to instruct the jury on the ADW charge.

On November 14, 2014, petitioner was convicted of armed robbery and sentenced to ten (10) years imprisonment.  El-Amin v. United States, 2016 WL 2866862 (May 11, 2016); see also El-Amin v. Downs, 272 F. Supp. 3d 147 (D.D.C. Aug. 9, 2017).  On May 11, 2017, the District of Columbia Court of Appeals affirmed

the conviction.  <u>Elamin v. United States</u>, 164 A.3d 118 (D.C. Ct. App. May 11, 2017).

Petitioner filed the instant petition seeking relief under 28 U.S.C. § 2241 on September 11, 2017,[1] challenging the validity of his conviction.  ECF No. 1.  As grounds for relief, petitioner asserts that (1) the District of Columbia Court of Appeals did not have jurisdiction because the government failed to file a "jurisdictional statement;" (2) "Conspiracy to deprive [petitioner] of due process of the Sixth Amendment right to a jury trial;" (3) "Failure to prove beyond reasonable doubt the ADW element of armed robbery;" (4) "Violation of due process in violation;" (5) "Ineffective assistance" of counsel; and (6) lack of "[j]urisdiction."  ECF No. 1 at p.1.  Petitioner also argues that D.C. Code § 23-110, a sister statute and functional equivalent to 28 U.S.C. § 2255 discussed <u>infra</u>, is ineffective to challenge the petitioner's conviction because (1) a federal court's jurisdiction is not defeated by state proceedings; (2) the District of Columbia Court of Appeals "lacked jurisdiction absent jurisdictional statement in appellant brief;" and (3) ineffective assistance of appellate counsel.  <u>Id.</u> at pp. 11-12.

---

[1] The petition was originally filed in the United States District Court for the District of Columbia and later transferred to this court due to petitioner's incarceration at FCI McDowell, located in Welch, West Virginia.  ECF No. 4.

3

**II. PETITIONER'S OBJECTIONS**

The magistrate judge concluded that the claims raised by petitioner fail to demonstrate that D.C. Code § 23-110 is inadequate or ineffective to allow petitioner to claim relief under 28 U.S.C. § 2241. Specifically, petitioner failed to allege any intervening change in the law that establishes his innocence. ECF No. 16 at p.8; In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner's only objection to the PF&R is that "the acquired rights doctrine grants me the Bill of Right Sec. 1 to writ of habeas corpus and cannot be reduced by legislation of [D.C. Code §] 23-110." ECF No. 19 at p.2.

**III. DISCUSSION**

The acquired rights doctrine is defined by Black's Law Dictionary as "the principle that once a right has vested, it may not be reduced by later legislation." Black's Law Dictionary 28 (10th ed. 2014). The basis of petitioner's objection is difficult to fully grasp, nevertheless, the court construes it as an objection to the application of D.C. Code § 23-110 instead of a writ of habeas corpus under 28 U.S.C. § 2255. Even though petitioner makes no attempt to remedy his failure to assert any intervening change in the law establishing his innocence, as required by In re Jones in order to seek

4

redress under 28 U.S.C. § 2241, the court briefly compares the protections embodied in D.C. Code § 23-110 and 28 U.S.C. § 2255.

While federal criminal defendants may seek habeas corpus relief under 28 U.S.C. § 2255, a petitioner convicted under the laws of the District of Columbia may only seek to invalidate his conviction under D.C. Code § 23-110. D.C. Code § 23-110(g), written almost identically to 28 U.S.C. § 2255(g),[2] reads as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The District of Columbia Court of Appeals has recognized that D.C. Code § 23-110 "is nearly identical and functionally equivalent to [28 U.S.C.] § 2255," and courts may "rely on cases construing the federal rule" when applying and interpreting D.C. Code § 23-110. Butler v. United States, 388 A.2d 883, 886 n.5

---

[2] An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

5

(D.C. Cir. 1978); see also United States v. Hurt, 946 F.2d 887, 887 (4th Cir. 1991) (unpublished) ("D.C. Code Ann. § 23-110 [is] the District's equivalent to 28 U.S.C. § 2255").

As it relates to this case, to allow a petitioner to pursue relief pursuant to 28 U.S.C. § 2241, both D.C. Code § 23-110 and 28 U.S.C. § 2255 require that the petitioner must demonstrate that the respective statute "is inadequate or ineffective to test the legality of his detention." See Whitlow v. Tripp, 587 F. App'x. 74, 74 (4th Cir. 2011) (per curium) ("Because [petitioner] is in custody pursuant to a sentence imposed by the Superior Court of the District of Columbia, the district court may not entertain [petitioner's] § 2241 petition . . . unless it appears that a [D.C. Code] § 23-110 motion would be inadequate or ineffective to test the legality of his detention."). Accordingly, petitioner is afforded the same legal rights under D.C. Code § 23-110, as he would have under 28 U.S.C. § 2255 had he been convicted in federal court.

Nevertheless, 28 U.S.C. § 2241 provides a remedy for prisoners only in two circumstances: (1) to challenge the execution of a criminal sentence, or (2) to test the legality of a detention when 28 U.S.C. § 2255 (or D.C. Code § 23-110) is otherwise inadequate. The latter is at issue here. As stated in the PF&R, the Fourth Circuit applies a three-part test to

determine whether 28 U.S.C. § 2241 applies.  The court stated in

In re Jones that:

> § 2255 is inadequate and ineffective to test the legality
> of a conviction when: (1) at the time of conviction,
> settled law of this circuit or the Supreme Court
> established the legality of the conviction; (2) subsequent
> to the prisoner's direct appeal and first § 2255 motion,
> the substantive law changed such that the conduct of which
> the prisoner was convicted is deemed not to be criminal;
> and (3) the prisoner cannot satisfy the gatekeeping
> provisions of § 2255 because the new rule is not one of
> constitutional law.

226 F.3d at 333–34.

Petitioner's petition and objections to the PF&R do not include any rationale as to why this case meets this standard. Petitioner fails to point to any recent substantive law change under which the conduct for which he was convicted – armed robbery – is no longer criminal.  Accordingly, the petition may not be considered under 28 U.S.C. § 2241 and must be dismissed.

## IV.  CONCLUSION

Accordingly, the court **OVERRULES** petitioner's objection to the magistrate judge's PF&R.[3]  The court **ADOPTS** the factual and

---

[3] Since the PF&R's March 2, 2018 issuance, petitioner has filed a flurry of motions, which the court liberally describes as follows: (1) petitioner's motion to amend his complaint, (ECF No. 18); (2) petitioner's motion for an evidentiary hearing to question defendant's appellate counsel (ECF No. 24); (3) petitioner's emergency motion for expeditious disposition of petitioner's motion to amend, (ECF No. 25); (4) petitioner's motion to correct statutory errors in petitioner's proposed amended complaint, (ECF No. 26); (5) petitioner's second motion to expedite, (ECF No. 28); and (6) petitioner's motion for leave to file a second amended complaint, (ECF No. 36).  The court

7

legal analysis contained within the PF&R, **DISMISSES** petitioner's petition for a writ of habeas corpus without prejudice, (ECF No. 1); **DENIES** petitioner's application to proceed in forma pauperis, (ECF No. 2); **DENIES** petitioner's emergency motion for release, (ECF No. 12); and **DIRECTS** the clerk to dismiss this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

---

**DENIES** each of these motions. The court notes that its dismissal is without prejudice, leaving petitioner free to bring the proposed amended petition before this court in a subsequent action.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and petitioner, pro se.

**It is SO ORDERED** this 5th day of June, 2018.

ENTER:

David A. Faber
Senior United States District Judge